United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60303
Summary Calendar

TAMILIA, JOSEPHINE, ESTATE OF

Plaintiff - Appellant

VERSUS

GULF COAST MEDICAL CENTER

Defendant - Appellee

Appeal from the United States District Court
For the Southern District of Mississippi, Biloxi
1:02-CV-53

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nicholas Tamilia challenges the district court's order granting summary judgment in favor of defendant, Gulf Coast Medical Center in this wrongful death action filed by appellant following the death of his wife, Josephine Tamilia.

Appellant, who is pro se, alleged in his sworn complaint that

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in March 2001 his wife became ill while they were traveling near Biloxi, Mississippi.  He brought her to the defendant's medical center in Biloxi.  His wife was put on a respirator and at about 6:30 p.m. on March 7, 2001 his wife asked appellant to get her something to eat.  When he left she was awake and writing in her diary.  When he returned with cheeseburgers ten or fifteen minutes later appellant's wife was unconscious and never regained consciousness thereafter.  When Mr. Tamilia returned he also saw that she had black and blue marks on her neck, face and chest and her purse was missing.  A nurse returned Mrs. Tamilia's purse a few minutes after he returned to the room.

Mrs. Tamilia never regained consciousness and was transported to Memorial Hospital in Gulfport the next day around 11:00 p.m. Around 1:00 a.m. on March 9, 2001 appellant was told that his wife had died.

Appellant in later pleadings asserted that he claimed damages for assault and battery as well as negligent failure of the hospital to train and supervise its staff.  The district court first granted summary judgment in favor of the defendant on the intentional tort claims because they were time barred under the Mississippi one year statute of limitations for intentional torts. Appellant does not challenge that ruling.  The district court initially denied the defendant's motion for summary judgment on the negligence claims but then on reconsideration granted the defendant's motion to dismiss the negligence claims as well.

2

The defendant Gulf Coast Hospital filed no supporting documentation in support of the summary judgment except for the deposition of appellant. Gulf Coast did not rely on its hospital records or file any affidavits from its employees or representatives explaining what occurred during Mrs. Tamilia's hospitalization. Gulf Coast simply relied on the lack of factual support by the plaintiff to support its claims that Gulf Coast, its employees and representatives were negligent.

Under the circumstances presented in today's case where the defendant stands mute as to any explanation for the sudden change in Mrs. Tamilia's condition while she was under the defendant's care, including Mr. Tamilia's ten or fifteen minute absence, or a general explanation of its treatment of Mrs. Tamilia and her reaction to that treatment, we conclude that plaintiff's sworn complaint is sufficient to raise an inference that defendant's employees were negligent. This completely un-rebutted inference precludes summary judgment.

In light of our conclusion that the district court erred in granting summary judgment to the defendant on plaintiff's negligence claims, we vacate the district court's judgment and remand this case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.